The Honorable Jimmy Jeffress State Senator Post Office Box 904 Crossett, Arkansas 71635-0904
Dear Senator Jeffress:
I am writing in response to your request for an opinion on the following question:
 If a school district adopts a salary schedule above the State Mandated minimum salary schedule, is it legal to place a teacher with experience on a lower step than their actual experience if they earn more money on the lower step than they would earn on the Mandated State minimum salary schedule placed on the step of their actual experience?
You state in this regard that A.C.A. § 6-17-2403(d)(1) "seems to state that the teacher's experience is only for the minimum salary schedule."
RESPONSE
The answer to this question is "no" in my opinion.[1] Each teacher must be paid in accordance with the district's salary schedule, based on his or her actual experience. *Page 2 
The Public School Funding Act of 2003, A.C.A. § 6-20-2301-2307 (Supp. 2007), states the following regarding a school district's "salary schedule:"
 (4)(A) Each year the school district shall file with the state board a salary schedule for its certified employees that recognizes a minimum level of training and experience.
 (B) The schedule shall reflect the actual pay practices of the school district, including fringe benefits.
 (C) Salary increments for experience or education, or both, shall be identified on the schedule[.]
A.C.A. § 6-20-2305(f) (Supp. 2007) (emphasis added).
The salary schedule requirement is further outlined by the Teacher Compensation Program of 2003, A.C.A. § 6-17-2401-2407 (Supp. 2007). This body of law states in part:
 The board of directors in each school district in the state shall pay classroom teachers upon a minimum salary schedule that provides:
 (1) Annual increments for education and experience;
 (2) A base salary; and
 (3) A minimum salary for a teacher with a master's degree and at least fifteen (15) years' experience.
A.C.A. § 6-17-2403(a) (Supp. 2007) (emphasis added).
These statutes plainly require that a district's salary schedule provide "annual increments for education and experience," and that the district's "actual pay practices" accord with the schedule. Paying a teacher less than the amount shown on the salary schedule for that person's years of experience would undoubtedly be contrary to these provisions, in my opinion. *Page 3 
Reference should also be made in this regard to A.C.A. § 6-17-204(c)(4) (Supp. 2004), which provides that "[n]o certified person may waive payment according to the salary schedule." This subsection will in my opinion also prevent a district from placing a teacher on a lower step on the salary schedule than his or her actual experience.
As a final note, some mention should be made of A.C.A. § 6-17-2403(d), which you have referenced in your request. Subsection 6-17-2403(d)(1) states:
 (d)(1) For purposes of the salary schedules described in this section, the teacher's experience is his or her total years' experience as a teacher with a valid Arkansas teaching license and teaching at any:
 (A) Public school accredited by the Department of Education or a nationally recognized accrediting association;
 (B) Private school within the State of Arkansas accredited by a nationally recognized accrediting association;
 (C) Institution of higher education within the State of Arkansas accredited by a nationally recognized higher education institution accrediting association; or
 (D) Any facility operated by the Division of Youth Services or any facility contracting with the division to provide care for juveniles committed to the division.
A.C.A. § 6-17-2403(d)(1) (Supp. 2007) (emphasis added).[2] *Page 4 
You state in your request that subsection 6-17-2403(d)(1) "seems to state that the teacher's experience is only for the minimum salary schedule." You appear to infer this from the statute's introductory language, emphasized above. This reading would suggest that the statute is merely intended to assure a minimum salary for total years of experience, and that a district is free to place a teacher on a lower step than their actual experience as long as the statutory minimum is met.[3]
There are several problems with this reading, in my opinion. First, this would mean that a district could in effect have two salary schedules, whereas I agree with my immediate predecessor that it is clear from other related statutes that each school district must have only one salary schedule. Op. Att'y Gen. 2004-196, noting A.C.A. § 6-17-201(a), 6-17-204(b)(2) and (4), 6-17-2403(b), and 6-20-2305(f)(4). Moreover, as noted above, the district's one salary schedule must, pursuant to the latter subsection 6-20-2305(f)(4)(b), "reflect the actual pay practices of the school district." These requirements in my opinion negate any contention that a district might pay a teacher based on some step other than the one correlating to that person's experience.
In sum, therefore, it is my opinion that a teacher must be given credit for his or her experience, calculated in accordance with A.C.A. § 6-17-2403(d) (Supp. 2007), and paid under the district's salary schedule for those years of experience. *Page 5 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] It must be recognized, however, that the resolution of individual teacher salary issues is not the proper subject of an Attorney General's opinion. See, e.g., Op. Att'y Gen. 2003-181. This opinion therefore should not be construed to address the particular circumstances surrounding the employment of any specific individual. Questions of that nature must be addressed by counsel for the affected school district, in consultation with any appropriate officials at the Department of Education. Id.
[2] Subsection (d)(2) and (3) elaborate further upon "years of experience" and "years of service:"
 (2) A teacher's years of experience shall be based upon:
 (A) The years in the school district in which the teacher is employed when the salary schedule in this section is considered; and
 (B) The teacher's years of experience with a valid Arkansas teaching license at an institution in subdivision (d)(1) of this section.
 (3) For purposes of this section, "years of service" means:
 (A) Performing the full-time duties of a teacher for a full school year with a valid Arkansas teaching license;
 (B) Years of employment with an Arkansas public school in a fulltime position that requires that the teacher have an Arkansas teaching license; or
 (C) Years of employment in an educational capacity with an institution in subdivision (d)(1)(C) of this section with a valid Arkansas teaching license.
A.C.A. § 6-17-2403(d)(2) and (3) (Supp. 2007).
[3] The minimum schedules for the 2007-2008 and 2008-2009 school years are set forth in A.C.A. § 6-17-2403(b) and (c) (Supp. 2007). *Page 1